## Helen Culver v. Delima Kingsley.

1. LANDLORD AND TENANT—*Use of Premises by Permission—Injuries.*—Where a landlord permitted his tenant to use the roof of a shed for drying clothes, and his tenant was injured by the falling of such roof, *it was held* that the landlord was not liable.

2. SAME—*No Obligation to Keep Premises Donated in Repair.*—Where a landlord gave his tenant permission to use the roof of a shed not included in the demise, such permission would not of itself impose upon the landlord an obligation to keep the roof in repair for that purpose.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed October 17, 1898.

Culver v. Kingsley.

## STATEMENT.

Appellant owned a two-story frame house, which was demised to two separate tenants, each tenant occupying one story. The entire second story was demised to the husband of appellee by written lease. The roof of a shed, which was part of the first story, extended nearly upon a level with the second story, and appellee was in the habit of using this roof as a place for drying clothes. The shed was a part of the first story, not demised to appellee's husband, and the roof of the shed, which is called by appellee's counsel a platform and by appellant's counsel a roof, was not included as part of the premises demised to the husband of appellee by the written lease. While upon this roof or platform, and engaged in hanging out clothing, appellee fell through an alleged defective portion of the roof and was injured. In a suit for the personal injuries thereby sustained, based upon the ground of alleged negligence of appellant, the landlord, in permitting the roof to be in defective condition, appellee recovered verdict and judgment. From that judgment this appeal is prosecuted.

William W. Grinstead, attorney for appellant.

There is no implied duty upon a landlord to keep a roof safe for drying clothes, such use being a mere license or privilege, and not essential or requisite for the enjoyment of the tenement. Ivay v. Hedges, L. R., 9 Q. B. D. 80.

It did not pass as an appurtenance, because such a right is a mere convenience, not necessary or essential to the enjoyment of the thing demised. 2 Am. & Eng. Encyc. Law (2d Ed.), 520; Humphreys v. McKissock, 140 U. S. 304, at 313; Linthicum v. Ray, 9 Wall. 241; Root v. Wadhams, 107 N. Y. 384, 394; Griffiths v. Morrison, 106 N. Y. 165, 170; Leiferman v. Osten, 64 Ill. App. 578; Holladay v. Chic. Arc Light & Power Co., 55 Ill. App. 463.

Ralph Rorer Crocker and Samuel B. King, attorneys for appellee.

There is a marked distinction between the liabilities of

the landlord of a tenement or flat building and those of one whose entire premises pass by the letting. Sawyer v. McGillicuddy, 81 Me. 318; Gordon v. Cummings, 152 Mass. 513; 2 Shearman & R. Neg. 710.

In the former case all portions of the demised premises which, by necessity or for the convenience of the several tenants, are reserved to the common use of such several tenants are under the general supervision of the landlord.

MR. JUSTICE SEARS delivered the opinion of the court.

By the terms of the written lease the husband of appellee covenanted as follows: " And the said party of the second part further covenants with the said party of the first part, that said party of the second part has received said demised premises in good order and condition, and that at the expiration of the time in this lease mentioned, or sooner determination thereof, etc., will yield up the said premises to said party of the first part in as good condition," etc.

The lease also provides that the lessee shall not interfere with "the control of any of the public portions of said building," the lease being of the form used in demising portions of an apartment building.

The only theory upon which the recovery here could be sustained, would be that the roof in question was a "public portion of the building," and that control of said portion was retained by the landlord, who was thus obligated to keep it in repair for the common use of tenants of the building.

But the evidence does not sustain this theory.

There were but two tenants in the building, and while the evidence is conflicting as to whether the first-story tenant ever used the roof in question for any purpose other than a shelter to the shed below, there is no evidence whatever to indicate that, if it was used by such tenant for purposes of drying clothing, it was by any arrangement or consent of the landlord. There is no evidence that the landlord ever designated this roof as a place to be used by the

Culver v. Kingsley.

first floor tenants, or by any one other than appellee. There is evidence of a permission to appellee to thus use the roof. But such permission would not of itself impose upon the landlord an obligation to keep it in repair for that purpose. Ivay v. Hedges, L. R., 9 Q. B. D. 80.

In that case the facts were quite similar to the facts here, and the court says: " I am quite unable to see any liability in the defendant under the circumstances existing here. If there had been an absolute contract for the user of this place in a particular way, it might be that the defendant would have been liable for not keeping it in a safe condition. But, if the contract was, as we must take it to have been—I let you certain rooms, and, if you like to dry your linen on the leads, you may do so—in that case the tenant takes the premises as he finds them. No case has been cited in the English courts which has the least bearing on the matter. The Scotch case—McMartin v. Hannay—which, though not binding as an authority, is nevertheless entitled to the greatest respect, though it bears some resemblance in its circumstances to this case, is not in point. The tenement was let out in flats, all the tenants using a common staircase. The staircase, therefore, was a necessary part of the holding, and it was the landlord's duty to keep it in a state in which it could be safely used. It was an implied condition in the bargain that the mode of access to the several flats should be safe. There was no such implied condition here."

In the case here, as in the case cited, there was no express contract for the use of the roof; it was not included in the written lease, and there was at most, so far as the evidence discloses, merely a verbal permission to the particular tenant to make such use of the roof.

If it could be regarded as a part of the premises demised to the husband of appellee by the written lease, it is difficult to perceive how, under the evidence as here presented, there could be any obligation on the part of the landlord to keep the roof in repair.

Counsel for appellee cite Payne v. Irvin, 144 Ill. 482, as

announcing the general doctrine that the landlord is obligated to keep in repair portions of an apartment building, such as stairways, passageways, etc., over which he retains control for the general use of the tenants of the building.

But there is no evidence presented which would warrant a jury in finding that this roof was such a common, public portion of the building, necessary to the holdings of various tenants or kept by the landlord for their common use.

The evidence as presented is insufficient to sustain the verdict.

The judgment is reversed and the cause remanded.