## Hester Saffer v. Casper Molter.

### Gen. No. 12,187.

1. LANDLORD—*when not liable for personal injuries suffered by wife of tenant.* A landlord is not liable for personal injuries suffered by the wife of his tenant through a defect in the roof of a barn upon which she was hanging clothes, where such barn, while owned by the landlord, was not included in the demise.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed December 14, 1905.

KICKHAM SCANLAN, for appellant.

WALTHER & LANAGHEN, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee, in case by appellant against appellee for personal injuries. The court, at the close of the evidence, instructed the jury to find the defendant not guilty. No question is raised in respect to the pleadings. Appellee is the owner of the premises known as numbers 1584 and 1586 Milwaukee avenue, in the city of Chicago, said numbers being the numbers of a three-story double brick building, the first story or ground floor of which is occupied as a store, and the second and third floors of which are used for living rooms. Behind the building, and about two or three feet distant from it,

is a barn, which extends to an alley in the rear of the lots on which the building and barn are situated. A part of the roof of the barn next to the alley is flat, and that part of the barn is only one story high. There is access from the rear of the building to the barn by means of boards laid across the space between the building and the barn, and from the barn to the flat part of the roof. At the edge of the flat part of the barn roof, next to the alley, there was, at the time of the accident hereinafter mentioned, a rail extending from side to side of the barn and fastened at each end. This rail, appellee testified, was about 2 feet 10 inches in height, above the edge of the barn roof, and one of appellant's witnesses testified that it was about one inch in thickness. The width of the rail is not disclosed by the evidence.

Appellant testified that May 15, 1901, she had been cleaning a piece of silk drapery with gasoline; and went out on the roof of the barn to throw out what was left of the gasoline in a dish, and, in so doing, she leaned against the railing at the edge of the roof, and it gave way and let her down into the alley, and she was thus injured. The question to be decided is whether, as matter of law, on the facts in evidence, appellee is liable. The evidence is conclusive that appellee leased to appellant's husband, orally, rooms on the third floor in 1586 Milwaukee avenue about March, 1890, and that nothing was said between appellee and appellant's husband about the barn roof, and no part of the barn was included in the lease. Appellant testified, in her examination in chief, that "when we rented the building, they said that was where we had to hang out our wash, on the roof." But, in her cross-examination, she testified that it was Mrs. Molter who so said, and that appellee did not so say, when the court, on motion, struck out the evidence, properly, as we think.

The barn not being included in the lease, appellee owed no duty to appellant's husband, or to her, in respect to it. It appears from the evidence that the tenants of the second and third floors dried their clothes on the barn roof, and that appellee knew this, and it does not appear that he objected to it. But this would not impose liability on appellee. The

utmost that can be said in such case is, that the tenants so using the roof were mere licensees. The use was for their own convenience, and at their own risk.

In Culver v. Kingsley, 78 Ill. App., 540, the second story of a two-story house was demised to the appellee's husband by Culver. There was a shed which was part of the first story. The roof of the shed was nearly on a level with the second story floor, and was used by the appellee, Mrs. Kingsley, to dry clothes on. While so engaged she fell through a defective part of the roof of the shed. We held that there could be no recovery, citing Ivay v. Hedges, 9 Q. B. Div., 80, decided in 1882, which was a stronger case for the plaintiff than the present one, and in which the court held the landlord not liable. Lord Coleridge, C. J., said: "I am of opinion that the county court was right. I am quite unable to see any liability in the defendant, under the circumstances existing here. If there had been an absolute contract for the user of this place in a particular way, it might be that the defendant would have been liable for keeping it in a safe condition. But, if the contract was, as we must take it to have been—I let you certain rooms, and if you like to dry your linen on the leads, you may do so—in that case the tenant takes the premises as he finds them." In the case at bar both appellant and appellee testify that, at the time of leasing the premises, nothing was said about the use of the barn roof.

Appellant's counsel contend that the court erred in striking out the evidence of appellant, on her direct examination, as to what Mrs. Molter said about the roof, before the leasing, and also contend that Mrs. Molter acted in the matter as her husband's agent. Appellant, in her cross-examination, testified that appellee, in leasing the third floor, said nothing about the barn roof; also that before the lease was made, she looked only at the third floor of the building, and did not go to the rear of the building. No evidence was offered, as counsel claims, tending in the least to prove that Mrs. Molter acted as her husband's agent, or was held out by him as such. Appellant, in her testimony, admits that appellee leased the

premises, and appellee, called by appellant as a witness, so testified, and that he never authorized his wife to lease any part of the premises, and that, in fact, she never leased any part of them; that all she did was to show the premises to persons desiring to lease, and receive and receipt for rents in appellee's absence.

We find no error in the rulings on evidence. There is no evidence tending to prove appellant's case, and the court did not err in instructing the jury to find appellee not guilty. Therefore, the judgment will be affirmed.

*Affirmed.*