## Catherine A. Kennedy, Administratrix, Appellee, v. Charles C. Heisen, Appellant.

### Gen. No. 17,856.

1. NEGLIGENCE, § 24*—*when owner is liable for injuries to water inspector.* An owner of a building who leases a part thereof, giving lessee the right to install a separate water meter impliedly invites a city water inspector to enter his premises for the purpose of inspection and is liable for injury to the inspector resulting from the unsafe condition of the premises.

2. NEGLIGENCE, § 23*—*when license or invitation is inferred.* Invitation is to be inferred where there is a common interest or mutual advantage, while a license is inferred where the object is mere pleasure or comfort of the person using it.

3. NEGLIGENCE, § 24*—*duty to mere licensee.* A mere licensee has no cause for action for injuries received through the negligence of the licensor in the place he is permitted to enter.

4. NEGLIGENCE, § 3*—*rule as to duty of persons to avoid danger of injury to others.* Whenever one person is, by circumstance, placed in such a position with regard to another that every one of ordinary sense who did think would at once recognize that if he did not use ordinary care and skill in his own conduct with regard to those circumstances he would cause danger of injury to the person or property of the other, a duty arises to use ordinary care and skill to avoid such danger.

Appeal from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed October 13, 1913. Rehearing denied October 27, 1913.

WINSTON, PAYNE, STRAWN & SHAW and HENRY M. HAGAN, for appellants; EDWARD W. EVERETT and JAMES H. WINSTON, of counsel.

TIMOTHY J. FELL, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant Heisen from a judgment for seven thousand five hundred dollars,

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

recovered by the administratrix of the estate of Thomas F. Kennedy, deceased, in an action on the case for wrongful death. Heisen owned the building Nos. 485 to 493 and the building Nos. 493 to 501 West Kinzie street. The buildings were on the north side of the street and between Nos. 491 and 493 and in the rear of the buildings was an alley nineteen feet wide. The entire building on both sides of the alley was supplied with city water through a meter in Kinzie street just west of the alley. September 2, 1908, Heisen leased by written lease to George H. Anderson & Co. the first floor of Nos. 485 to 491 for a term of ten years from January 1, 1909. By a contract in writing, executed by the parties at the time of the execution of the lease, it was provided; "That the lessees install their own meter and pay their own water taxes, less $5.00 per month of such amount, which is chargeable to the lessor for water ordinarily furnished for all ordinary purposes." The ordinances of the city of Chicago prohibit any person from interfering with a water meter without permission of the commissioner of public works; provide that water meters shall be located at such places as the commissioner of public works shall direct, and that all manufactories shall have the water supply thereto controlled by water meters. The lease also provided that the premises should be occupied for manufacturing, beveling and silvering glass. Heisen therefore knew when he leased the premises to Anderson & Co., by a lease which required the lessees to install a water meter, that to do so the ordinances required the lessees to procure a permit from the water bureau and that the commissioner of public works would send an inspector to inspect the premises before granting a permit to tap the main and install a meter. Anderson & Co. applied to the water bureau for a separate meter and connection and were told that the bureau would send an inspector to examine and report. The deceased was an inspector in the water bureau. He was ordered

by his superior to go to defendant's building, make an investigation as to the size of the supply pipe, the meter and the pipes coming from the meter, so that it might be determined whether an order should be made for an additional supply of water. In pursuance of this order deceased went to the building, passed from the alley in the rear into the boiler room, asked for the engineer and was told by the fireman that he was in the engine room. He passed through a swinging door from the boiler room into the engine room. In the engine room a few feet from the door was a thirty-six inch belt passing over a fly wheel eighteen feet in diameter at the south end of the room and over a small pulley at the north end running north on top and south at the bottom. This belt passed under the floor at a point just south of the south jamb of the door. Deceased fell down on the belt, was carried down by it beneath the floor to the fly wheel and killed.

The fundamental question in the case is: Did the facts raise a duty on the part of the defendant towards the plaintiff, the breach of which is shown? The question whether the circumstances make a case of invitation in the technical sense of that word as used in many adjudged cases, or only a case of mere license is not free from difficulty. The difficulty is not in ascertaining what is the law, but in applying it to the facts of the case. When a person is a mere licensee he has no cause of action on account of an injury received through the negligence of the licensor in the place he is permitted to enter. In Campbell on Negligence, quoted by Mr. Justice Harlan in *Bennett v. Louisville & N. R. Co.*, 102 U. S. 585, it is said: "The principle appears to be that invitation is to be inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or comfort of the person using it." Here there was a common interest in the work between Heisen and the deceased and it was to their mutual advantage that the inspection be made—to Heisen's

because such inspection was required in part perform-ance of the covenants of his lease; to the advantage of the deceased because the making of such inspection was in the performance of the duties of his employ-ment.   It is immaterial that the request to the super-intendent of the water bureau to have the premises inspected was made not by Heisen but by Anderson. Heisen knew that an inspector would be sent to inspect the premises before a permit to install a new connec-tion with the water main would be granted.   The employer of the deceased was bound to make the inspection and properly sent the deceased to perform that duty, and this prevents the case from being that of one who is a mere licensee.   *Holmes v. N. E. R. R. Co.,* L. R. 4 Exch. 254.

The deceased did not enter defendant's building under license or authority given by the law, and the case is on this ground to be distinguished from *Gibson v. Leonard,* 143 Ill. 182.   We think that there was, in the sense in which the word is used in many of the adjudged cases, an invitation of the deceased by the defendant to go into his building to inspect the water pipes and connections, and that deceased went into said premises by the implied invitation of the defend-ant and not as a mere licensee.

But there is another and broader ground on which the defendant was bound to use ordinary care to avoid danger of injury to the deceased.   We think the case comes within the rule stated by the Master of the Rolls in *Heaven v. Pender,* 11 Q. B. D. 506, that: "Wher-ever one person is, by circumstances, placed in such a position with regard to another that every one of ordinary sense who did think would at once recognize that if he did not use ordinary care and skill in his own conduct with regard to those circumstances, he would cause danger of injury to the person or property of the other, a duty arises to use ordinary care and skill to avoid such danger."   Shearman & R. on Neg-

ligence (6th Ed.) sec. 116; Smith on Negligence (Am. Ed.) 10.

As a reasonable man defendant must have known that if he was negligent in respect to the condition of the premises he might cause injury to the person sent to inspect the premises, and in such case the law imposed on him the duty not to be negligent.

We think that if the defendant owed to the deceased the duty to exercise reasonable care for his protection, the jury might from the evidence properly find that defendant was guilty of a breach of such duty, and that the deceased was not guilty of contributory negligence. The accident occurred just after the engine had been started up at noon and before electricity was generated to light the electric lamps. The engine room was not well lighted, the sun was shining and there was snow on the ground. One coming in from the outside might, without negligence, fail to see the belt. While the evidence was contradictory as to how far in front of the door the railing in front of the belt extended, we think the jury might from the evidence properly find that by fully opening the door one could walk directly in on the belt.

We think the court properly overruled the motion for a new trial on the ground of newly-discovered evidence.

The record is free from error and the judgment is affirmed.

*Affirmed.*