## Alice C. Hansen, Appellee, v. B. A. Gromoll, Appellant.

## Gen. No. 28,744.

1. LANDLORD AND TENANT—*liability of landlord for injuries to tenant from defective premises not included in lease.* A landlord is not liable for injuries received by a tenant by coming in contact with an exposed electric light wire in a basement storage locker where the lease included living apartments only on an upper floor, the locker was not included in the demised premises and the tenant was using it by permission of the landlord and another tenant.

2. LANDLORD AND TENANT—*liability of landlord for injuries to tenant from want of repairs in place not controlled by landlord.* The landlord of an apartment building is not liable for injuries received by a tenant of one of the apartments, caused by failure of the landlord to repair exposed electric light wires in a storage locker not included in the demised premises, which the tenant was using permissively, where the wires were not located in any passageway or other portion of the premises used in common by all the tenants but in a locker room used by plaintiff and another tenant.

3. LANDLORD AND TENANT—*repairing premises after accident to tenant as admission of liability by landlord.* The fact that a landlord employed and paid an electric company to repair an exposed electric light wire after an accident therefrom to a tenant is not an admission of liability on the part of the landlord.

Appeal by defendant from the Superior Court of Cook county; the Hon. H. S. POMEROY, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1923. Reversed with finding of facts. Opinion filed March 11, 1924,

HENRY UTPATEL, ALWIN W. EHRHARDT and JOHN T. MURRAY, for appellant.

CHARLES E. ERBSTEIN and JOHN B. FRUCHTL, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

By this appeal defendant seeks to reverse a judgment for $2,000 rendered against him after verdict by the superior court of Cook county in an action for damages for personal injuries to plaintiff, occasioned by her receiving an electric shock from certain uninsulated wires while turning on an electric light on the inside of a certain storeroom in the basement of an apartment building, of which defendant was the owner, at No. 5317 Blackstone avenue, in the City of Chicago.

Plaintiff was the lessee and tenant of a "suite of 7 rooms on the third floor" of the building under written lease expiring April 30, 1921. No storeroom was included in the premises demised. The lease contained the usual covenants and agreements, among them, that the lessee had received the premises in good repair and would keep them in good repair, and that the lessor should not be liable for any damage occasioned by failure to keep them in good repair, and also the following clause: "That said lessee, and those occupying under said lessee, shall not interfere with the furnaces, heating apparatus, or with the gas or other lights of said building which are not with the apartments hereby demised, nor with the control of any of the public portions of said building."

Plaintiff's declaration consisted of four counts, an original count and three additional counts. In the original count it is alleged that, as tenant of defendant, she was occupying said suite of rooms, or flat; that "appurtenant" to the flat and located in the basement of the apartment building "was a storage room,

furnished her by defendant,'' in which she kept certain of her personal property and belongings; that for the use of tenants in the building, including plaintiff, the defendant had installed and maintained an electric light in the basement ''adjacent'' to the storage room, which electric light was used by the tenants and by plaintiff to furnish artificial light when entering the storage room; that said electric light was connected with wires charged with electricity, and which wires were dangerous unless properly insulated and protected; that for several days preceding April 3, 1921, the electric light fixtures became detached from said wires, and defendant ''negligently allowed and permitted'' the wires to be left uninsulated and exposed; that on April 3, 1921, while plaintiff was in the act of entering said storage room, and was in the exercise of due care, and having no knowledge of said defect, she undertook to turn on said electric light and then and there came in contact with said exposed wires and received a severe shock and was seriously and permanently injured, etc.

In the first additional count, after alleging that appurtenant to her said flat plaintiff was occupying and using in the basement a storage room ''furnished her by defendant,'' it is charged that, for the use of the tenants in the building, including plaintiff, defendant controlled and maintained ''certain lighting apparatuses'' in the basement, ''to-wit, in said storeroom and throughout the passageway and stairways in said building used in common by all of the tenants,'' which said apparatuses consisted of wires charged with electricity and certain globes to furnish artificial light; that it was the duty of defendant to keep said electric wires properly insulated and protected; that on and prior to April 3, 1921, said wires became uninsulated and unprotected, and defendant, having knowledge thereof, ''negligently allowed and permitted'' the same to remain in that condition; that on said day plaintiff, while in the act of entering the

storage room and using due care and without knowledge of said condition, then and there came in contact with said unprotected wires and received a severe shock and was thrown against the door and upon the floor, and suffered serious and permanent injuries, etc. The second additional count is similar to the first additional count, and with reference to said lighting apparatuses contains the additional allegation that, by virtue of the provisions of the lease, defendant "reserved unto himself the control, supervision and management of the said lighting apparatuses together with said electric wires so charged with electricity." The third additional count is similar to the first, except that it is charged that defendant "wantonly, wilfully and maliciously permitted said electric wires to be and remain exposed, uninsulated and unprotected."

To each and all of the counts the defendant pleaded the general issue, and also that "he did not own, control, manage, operate or expose the said electric wires."

It further appears from the evidence that in the basement some of the space was used for the furnace and water heaters and for other purposes and that, opening from a corridor or passageway in the basement, were a number of small rooms or lockers, of about 10x12 feet in size, used by tenants of some of the various flats; that plaintiff, after she moved into her flat, was permitted to use one of these rooms for storage purposes and did so; that a Mrs. Pond, being a tenant of a flat on the fourth floor of the building, was using another one of the rooms, which she kept locked with her own padlock and she alone had possession of the key; that in September, 1920, plaintiff, "with Mrs. Pond's permission," stored three trunks in the latter's storeroom; that in January, 1921, a fire broke out in plaintiff's storeroom and such of her personal belongings as were stored therein were destroyed or damaged; and that defendant "nailed boards across the windows that the fire company had

knocked in.'' Plaintiff testified that shortly after the fire she asked defendant when he would repair her storeroom, and what room, in the interim, she might use for storage purposes, and that defendant replied that he could not make any repairs ''until the insurance company had adjusted his fire claim,'' and that she should ''keep on using Mrs. Pond's locker'' until her (plaintiff's) locker or room was repaired. Thereafter, at plaintiff's request, Mrs. Pond permitted her to store certain goods in the Pond locker. Plaintiff suggested getting a lock with two keys, but Mrs. Pond said this was unnecessary, as whenever plaintiff desired to enter the locker she would loan plaintiff the key. It further appears from plaintiff's testimony that on Sunday afternoon, April 3, 1921, she procured the key from Mrs. Pond's son, and went into the locker; that while reaching up to turn on the electric light (which was inside the storeroom and not in the corridor or passageway leading thereto) she received a shock, and was thrown against the door and rendered temporarily unconscious; and that when she ''came to'' she was on the floor and was shortly thereafter assisted to her apartment. She and an osteopath and chiropractor, Randolph Stone, testified at length as to her injuries and sufferings. Joseph Faucault, an electrical inspector in the employ of the city, testified that on the following Tuesday he examined the wires inside said storeroom, and found certain wires ''hanging down in the center of the storeroom'' and that ''the socket had been pulled out with the bare wires sticking down and about 15 inches of drop cord from the ceiling so people would reach it.'' There was no evidence tending to prove the charge of wilful and wanton negligence on the part of defendant as contained in the third additional count.

We are of the opinion, under the facts disclosed, that defendant is under no legal liability to plaintiff for the injuries she received and that the judgment cannot stand. It is well settled that the owner of

lands and buildings assumes no duty to one who is on his premises by permission only, and as a mere licensee, except that he will refrain from wilful or affirmative acts which are injurious. (*Gibson v. Leonard*, 143 Ill. 182; *Pauckner v. Wakem*, 231 Ill. 276, 279; *Purtell v. Philadelphia & R. Coal & Iron Co.*, 256 Ill. 110, 114; *Kennedy v. Heisen*, 182 Ill. App. 200.) In the case last cited (p. 202) it is said: "The question whether the circumstances make a case of invitation in the technical sense of that word as used in many adjudged cases, or only a case of mere license, is not free from difficulty. The difficulty is not in ascertaining what is the law, but in applying it to the facts of the case. When a person is a mere licensee he has no cause of action on account of an injury received through the negligence of the licensor in the place he is permitted to enter. In Campbell on Negligence, quoted by Mr. Justice Harlan in *Bennett v. Louisville & N. R. Co.*, 102 U. S. 585, it is said: 'The principle appears to be that invitation is to be inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or comfort of the person using it.'" In the present case plaintiff was a tenant in defendant's apartment building under a written lease demising to her a certain flat on the third floor. She was permitted, for her convenience and comfort, to put some of her belongings in a storeroom in the basement of the building, which room was not included in the demise. Mrs. Pond was also a tenant in the building under a similar written lease demising to her a flat on the fourth floor and she also was permitted to use another storeroom in the basement for a similar purpose. After the fire in the storeroom used by plaintiff, she was permitted by Mrs. Pond (and, according to plaintiff's testimony, also by defendant) to put some of her belongings in the storeroom used by Mrs. Pond, which was kept under lock and key by the latter with defendant's consent, and, on the afternoon

in question after plaintiff had obtained the key thereto from Mrs. Pond and was inside of the storeroom, she was injured in the manner claimed by coming in contact with certain exposed wires, charged with electricity, which were not in the corridor or passageway in the basement but inside said storeroom. In *Culver v. Kingsley*, 78 Ill. App. 540, it appears that the owner of a two-story frame house had demised the same to two separate tenants, each tenant occupying one story; that by written lease the second story was demised to plaintiff's husband; that the flat roof of a shed, which was part of the first story, extended nearly upon a level with the second story, and plaintiff was in the habit of using this roof as a place for drying clothes; that the shed was a part of the first story and neither it nor its roof was included as part of the premises demised to plaintiff's husband; that while plaintiff was upon the roof, and engaged in hanging out clothes, she fell through a defective portion of the roof and was injured. She sued the owner for the injuries sustained, upon the ground of the alleged negligence of the owner in permitting the roof to be in a defective condition, and recovered a verdict and judgment. This Appellate Court in reversing the judgment said (p. 543):

"There is evidence of a permission to appellee to thus use the roof. But such permission would not of itself impose upon the landlord an obligation to keep it in repair for that purpose. *Ivay v. Hedges*, L. R. 9 Q. B. D. 80. In that case the facts were quite similar to the facts here, and the court says: 'I am quite unable to see any liability in the defendant under the circumstances existing here. If there had been an absolute contract for the user of this place in a particular way, it might be that the defendant would have been liable for not keeping it in a safe condition. But, if the contract was, as we must take it to have been —I let you certain rooms, and, if you like to dry your linen on the leads, you may do so—in that case the tenant takes the premises as he finds them.' * * * In

the case here, as in the case cited, there was no express contract for the use of the roof; it was not included in the written lease, and there was at most, so far as the evidence discloses, merely a verbal permission to the particular tenant to make such use of the roof.''

The cases of *Saffer v. Molter,* 124 Ill. App. 21, and *Cameron v. Feely,* 208 Ill. App. 521, are also in point in this connection.

Furthermore, the general rule is that the occupant, and not the owner as such, is responsible for injuries received in consequence of a failure to keep the premises occupied in repair. (*Gridley v. City of Bloomington,* 68 Ill. 47; *West Chicago Masonic Ass'n v. Cohn,* 192 Ill. 210; *Marcovitz v. Hergenrether,* 302 Ill. 162.) And while it has been held that where the landlord leases separate portions of the same building to different tenants and reserves under his control those parts of the building and premises used in common by all the tenants, such as stairways, passageways and hallways, he is under an implied obligation to use reasonable diligence to keep in a safe condition the parts over which he so reserves control (*Burke v. Hulett,* 216 Ill. 545, 550; *Payne v. Irvin,* 144 Ill. 482, 488; *Shoninger Co. v. Mann,* 219 Ill. 242, 245), yet we do not think this principle is applicable to the facts shown in the present case. The accident did not happen in any passageway but inside of a room which defendant had permitted Mrs. Pond to use for the purpose shown and to which she had the only key, and the defective fixture and wires were not used in common by all the tenants, as charged. Counsel for plaintiff argues in substance that, because the evidence shows that after the accident defendant employed and paid an electric light company to cover up the exposed wires by means of a cap, this amounts to an admission of liability on his part for not having previously repaired the defect. This does not follow. ''It is not infrequent that a landlord's self-interest will prompt

him to do many things to his property, during the term of a lease of it, to protect it from decay or injury, but his so doing does not make him a covenantor to repair." (*Quinn v. Crowe*, 88 Ill. App. 191, 194.)

Our conclusion is that the judgment should be reversed with a finding of facts and it is so ordered.

*Reversed with finding of facts.*

FITCH and BARNES, JJ., concur.

Finding of facts. We find as facts in this case that the accident in question did not occur in the premises demised to plaintiff, or in any common passageway of the apartment building under the control of defendant; that at the time of the happening of the accident the electric wires were inside a storeroom used by plaintiff by permission only, and defendant did not control or operate said wires or storeroom; and that defendant at and before the time of the accident was not guilty of any negligence toward plaintiff.