Nelson H. Loveless, Plaintiff-Appellant, v. Henry T. Warner and Margaret Warner, Defendants-Appellees.

## Gen. No. 48,545.

First District, Third Division.
September 19, 1962.

Lloyd P. Douglas and Chester F. Mitchell, Jr., of Chicago, for appellant.

Jacobs & McKenna, of Chicago (Donald M. Haskell, of counsel), for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

Nelson H. Loveless, hereafter referred to as the plaintiff, brought a suit in the Circuit Court of Cook County against Henry T. Warner and Margaret Warner, hereafter referred to as the defendants. In his complaint plaintiff alleged that he had been injured as a result of the negligence of the defendants with respect to the maintenance and control of an inadequate railing protecting a common stairway and porch on premises which defendants owned and had leased. At the close of the plaintiff's case the court, on motion of the defendants, directed a verdict for them and entered a judgment in their favor, from which this appeal is taken.

There can be no question that a motion for a directed verdict at the close of plaintiff's evidence presents only one question, and that is whether there is in the record any evidence which, standing alone and with all its intendments most favorable to the party resisting the motion, tends to prove the material elements of the case. Donnelly v. Pennsylvania R. Co., 412 Ill 115, 105 NE2d 730; Lindroth v. Walgreen Co., 407 Ill 121, 94 NE2d 847.

The defendants here first contend that plaintiff had not presented sufficient evidence to enable the jury to find that the porch and stairway was a common passageway over which the landlord retained control.

The building in question was located at 116–118 West Hubbard Street, Chicago, Illinois. The defendants had purchased the building in 1945 and had leased the premises at 118 West Hubbard Street and the use of the basement under 116 West Hubbard Street to Guy M. Zettler. There were tenants in the portion of the building at 116 West, which is located to the east of 118 West. There was a porch at the rear of 116 West which serviced both portions of the

206

building. The only way to get to the basement from the porch was to use the basement stairway. The heating equipment and electrical fuse box for the entire premises were located in the basement of 116 West. From the porch landing there was a stairway that led to the basement. To get from the rear of 116 West to the alley behind the buildings it would be necessary to use the porch. The porch and stairway were not included in the lease to Zettler of the premises at 116 West. The lease does provide that Zettler shall have the use of the basement under 116 West. In order to fix the electrical or heating equipment any repairman provided by the defendants would use the porch and stairway in question. The rear doors of both 116 and 118 opened onto the porch. The tenants on the first floor at 116 would use the porch about two or three times a week, and the tenants on the second floor or third floor used the basement about once or twice a month. There is sufficient evidence in the record to require that the court submit to the jury the question of the defendants' retention of control over the porch and stairway.

■ The next question to be considered is whether the plaintiff has produced sufficient evidence, considering it with all intendments most favorable to him, to require the question of the negligence of the defendants in the construction and maintenance of the porch to be submitted to the jury.

■ Where a portion of the premises is reserved for common use and is under the landlord's control, a duty is imposed upon him to use ordinary care to keep such portion of the premises in a reasonably safe condition. Murphy v. Illinois State Trust Co., 375 Ill 310, 31 NE2d 305; Smith v. Morrow, 230 Ill App 382; Payne v. Irvin, 144 Ill 482, 33 NE 756.

In his amended complaint the plaintiff alleged that the porch was for the common use of all the tenants of the building as well as all other persons who were

lawfully entering and leaving the premises. Numerous acts of negligence were alleged, one of which was that the defendants permitted on the premises a porch railing which was inadequate for the protection of the persons using the porch. There were also allegations that the defendants failed to adequately maintain and repair the railing surrounding the porch, that they failed to make adequate inspection of the railing and its supports to determine its condition, and that they otherwise negligently maintained and controlled the porch railing and stairway.

The porch in the rear of 116 and 118 ran to a stairway, and the edge of the porch was adjacent to the stairwell, the bottom of which was about ten steps below the porch. The porch had a three-foot high railing consisting of a single two-by-four eight to nine feet long. At the head of the stairway the railing was attached by some nails to a post. This post consisted of two two-by-fours which were nailed together. The base of this post was nailed into a joist in the porch. At the east end of the porch the railing was nailed against the wall and into the top of a two-by-four which was affixed to the porch wall. There were no other braces, either lateral or vertical, to support this railing.

On March 18, 1959 the plaintiff was employed by Zettler. He was carrying some buckets of waste material out to the rear of 116 West Hubbard. In order for him to reach the back of this lot it was necessary for him to use the porch. Zettler had placed some storage shelving, with the consent of the defendant, on the porch, which shelving reduced the passageway between the shelving and the railing to approximately two feet. The plaintiff had to traverse this narrow passageway. As he was walking toward the stairway he heard the telephone ring in his office at 118 West. He put down the buckets that he was carrying and in turning around he grasped the railing to balance

himself. When he did this the railing collapsed and he fell to the bottom of the stairwell. He suffered serious injuries.

The defendants did not reside in Chicago. Henry Warner, one of the defendants, came to the premises once a month to collect the rents, and he was aware of the type of construction and the condition of the railing. He testified, as an adverse witness, that he would shake the railing periodically to see if it was secure but he did not look at the nails which were holding it together, nor could he remember when he had visited the premises the last time before the accident. The defendants did not employ a janitor or real estate agency to manage the property, and the porch and railing were there at the time they purchased the property in 1945. Another witness, an employee of Zettler, testified that he had one time knocked the railing loose. He replaced it and put in the same nails that were in there. That witness also testified that it was general knowledge that the rail was weak. Zettler, the tenant in 118 West, testified that he saw the railing after the accident and it was completely detached from the porch, and that before the accident the wood was old.

There is nothing in the evidence to show that prior to the accident any complaints were made to the defendants about the condition of the railing.

█ We must first determine the duty resting upon a landlord with respect to a common porch and railing. Most of the cases dealing with railings, porches and stairs discuss the question as to whether the landlord permitted them to deteriorate and failed to make proper repairs. However there is another duty resting upon the landlord, and that is that a railing which is intended to protect the persons using the porch from falling from it must be adequate for that purpose. In his amended complaint the plaintiff alleged that the defendants were negligent in

that they permitted a railing to remain on the porch adjacent to the stairway, which railing was inadequate for the protection of persons using the porch. The defendants denied this allegation in their answer. Thus an issue was formed.

Colbert v. Holland Furnace Co., 333 Ill 78, 164 NE 162, was a suit brought for personal injuries. The defendant had contracted with the plaintiff's husband to install a furnace in their home. As a part of such construction a hole was cut in the kitchen floor and a grating was installed. The plaintiff stepped on the grating, which gave way, and she was injured. The grating was supported by cleats. A cleat gave way and it was disclosed that the cleat had a break or crack where two of the nails had been and that the other nails must have pulled out of the soft floor when it gave way. In that case the plaintiff recovered judgment, which the Appellate Court and Supreme Court affirmed. The Supreme Court says:

> "The doctrine of invitation has been invoked as a ground of liability in such cases, proceeding upon the theory that he who furnishes a thing for a certain use by others invites others to use it, and is therefore bound to make it safe for such purpose. This rule is consonant with reason and justice and is not inconsistent with any of the decisions of this court, and is especially applicable to the facts of the instant case. The grating was installed for use as a part of the floor of the kitchen and was manifestly intended for the use of any of the inmates of the household . . . ."

The court held that the grating was defective and says:

> "That it was defective was not a problem in engineering and did not require the evidence of

experts to demonstrate. (Yarber v. Chicago and Alton Railway Co., 235 Ill 589; Linn v. Sigsbee, 67 Id. 75.) The question as to whether or not the construction was defective was not of such a character that only persons of skill and experience were capable of forming a correct judgment about it. There was no complicated machinery and no question of science or skill. The facts with reference to the nailing of the cleat, and the cleat itself, were before the jury, and they were competent to form an opinion as to whether any defects existed."

In Murphy v. Illinois State Trust Co., 375 Ill 310, 31 NE2d 305, the Supreme Court affirmed a judgment rendered in favor of the plaintiff. There was a common porch, and a common cellarway was located at the end of the porch. The plaintiff in her complaint alleged that she fell into the cellarway, that the doors to the cellarway were open, and that the accident was caused by the negligence of the defendant in not having the cellarway surrounded by a guard rail of some kind and in not having the back porch around the cellarway sufficiently lighted. These allegations were denied by the defendant. In that case the defendant contended that the trial court had erred in denying a motion for a directed verdict. The court states the rule to be that where the landlord retains control of a portion of the premises, such as stairways, passageways or cellarways, he has the duty of exercising reasonable care to keep the premises in a reasonably safe condition and he is liable for an injury to persons, lawfully in such place, resulting from failure to perform such duty. The court further holds that the question of contributory negligence was a question which was properly submitted to the jury, and the judgment was affirmed.

211

■ Merchants Loan & Trust Co. v. Boucher, 115 Ill App 101, was a suit brought by a tenant against the landlord for injuries received by reason of an alleged defective or improperly fastened railing along the side of a stairway. In that case the railing was an old two-by-four three and one-half feet long, fastened on one side of the platform by an iron strap hinge. At the other side of the platform its end rested upon a cleat or block fastened to an upright or post support of the stairway. The plaintiff stooped or leaned over the railing, which gave way, and she fell to the floor below. The court states the rule which should be applied to cases of this kind, quoting 18 Am and Eng Ency Law, p 220, where the statement is made: "The rule laid down by the weight of authority is that where the landlord leases separate portions of the same building to different tenants and reserves under his control those parts of the building or premises used in common by all the tenants, he is under an implied obligation to use reasonable diligence to keep in a safe condition the parts over which he so reserves control." The court states that the duty placed upon the landlord in the case was that he should exercise reasonable care in the construction of, and selection of materials for, the railing in question and for its maintenance, and that there was sufficient evidence to go to the jury. The same rule is laid down in Smith v. Morrow, 230 Ill App 382. It is clear from those decisions that the landlord must in the first instance provide a railing adequate for the protection of persons properly using the premises, as well as maintain such railing in a safe condition.

■ The evidence that there was a single two-by-four running along a porch for a distance of eight or nine feet, which was nailed to a post which in turn was nailed to a joist in the porch, and which two-by-four at the other end was nailed against the

212

wall and into the top of a two-by-four affixed to the wall without any other braces to support the railing, raises the question as to whether this was an adequate railing for the protection of the persons invited to use it. This is a question which must be decided by the jury and cannot be disposed of by the court on a motion for a directed verdict at the close of the plaintiff's testimony. This conclusion is supported by the fact that there is also testimony in the record that at the time of the injury to the plaintiff the entire railing, together with the supporting posts, had fallen into the stairwell. As to whether such a railing provided adequate protection is a matter which falls within the realm of common experience. The jurors are competent to determine that question without the aid of expert testimony.

■ The defendants also urge that there was no notice given to them of any defect in the railing, and that the defect in the railing was a latent defect. In Garshon v. Aaron, 330 Ill App 540, 71 NE2d 799, the same contention was made. The plaintiff, walking down a common stairway, reached a landing midway between the first and second floors. The landing was protected by a railing supported by evenly spaced upright slats nailed at the top to the railing and below to a two-by-four. Both ends of the section of the railing were nailed to six-inch square vertical posts which extended from the ground to the third floor. When the plaintiff reached the landing he touched the railing with his hand. The railing gave way, causing plaintiff to lose his balance and fall to the ground. The trial court denied the defendant's motion for a judgment notwithstanding the verdict. The court quotes from Smith v. Morrow, 230 Ill App 382, 388:

"In order to come fully within the scope of the definition of a latent defect, the defect must

213

be hidden from the knowledge as well as from the sight and must be one which could not be discovered by the exercise of ordinary and reasonable care. Smith v. Morrow, 220 Ill App 627. If, by the exercise of reasonable care, the landlord could have ascertained and discovered the defective condition of the railing, then such defect cannot be classed as a latent defect. Burke v. Hulett, 216 Ill 545; B. Shoninger Co. v. Mann, 219 Ill 242. No defect is latent which can be discovered by the exercise of reasonable care, or which a reasonable inspection will reveal. Hence the landlord would be chargeable with any knowledge which a reasonable inspection would disclose. Sack v. Dolese, 137 Ill 129. The question as to whether or not the appellant did exercise reasonable care to discover the defect and whether or not it would have been discovered by the exercise of reasonable care were questions of fact for the jury. Wabash Ry. Co. v. Brown, 152 Ill 484; Milauskis v. Terminal R. R. Ass'n. of St. Louis, 286 Ill 547."

The court also cites and quotes from Houlihan v. Sulzberger & Sons Co., 282 Ill 76, 118 NE 429, which lays down the same rule.

The evidence before us indicates that Henry Warner came to the building only once a month and that he did not remember the last time he had been there, that each time he came he shook the railing and a couple of times put a couple of nails into it, and that he found the railing always tight. From the record it appears that the entire railing, together with the supporting posts, had torn loose and fallen into the basement. From the evidence the jurors had a right to determine whether the inspection, cursory as it was, was sufficient for the defendant Henry War-

214

ner to determine whether the railing was adequate for the purpose for which it was provided.

■ The defendants also argue that the plaintiff was guilty of contributory negligence. In Swenson v. City of Rockford, 9 Ill2d 122, 136 NE2d 777, the Supreme Court says: "Whether a plaintiff is guilty of contributory negligence is ordinarily a question of fact for a jury. It becomes a question of law only when the evidence is so clearly insufficient to establish due care that all reasonable men would reach the conclusion that there was contributory negligence. (Shepard v. City of Aurora, 5 Ill App2d 12, 124 NE 2d 584; Ziraldo v. W. J. Lynch Co., 365 Ill 197, 6 NE2d 125.)" The plaintiff would have a right in the instant case to have the question of his alleged contributory negligence submitted to the jury.

The questions in the case before us as to whether or not the porch was under the control of the landlord and was used as a common way by the tenants, as well as to whether the defendants were negligent in providing the above described rail to protect persons using the porch, and as to whether defendants properly maintained it, together with the question of whether plaintiff was guilty of contributory negligence, were all within the province of the jury. There was sufficient evidence presented to require that these questions be submitted to the jury. The trial court erred in directing a verdict for the defendants.

The judgment of the Circuit Court of Cook County is reversed and the cause is remanded for a new trial and for such other and further proceedings as are in accord with this opinion.

Reversed and remanded.

DEMPSEY, P. J. and SCHWARTZ, J., concur.