WILLIE H. MANUEL, Plaintiff-Appellant, *v.* LAURA McKISSACK *et al.*, d/b/a B & M Tavern, Defendants-Appellees.—(JAMES E. BRUCE, Defendant.)

First District (1st Division)    No. 77-85

Opinion filed May 22, 1978.

Heller & Morris and Schwartzberg, Barnett & Cohen, both of Chicago (Benjamin H. Cohen and Hugh J. Schwartzberg, of counsel), for appellant.

Kevin M. Forde, Ltd., of Chicago (Robert Schey, of Jonas, Schey & Associates, and Kevin M. Forde, of counsel), for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Willie H. Manuel (plaintiff) sued Laura McKissack and William Murrell d/b/a B & M Tavern (defendant) and James E. Bruce (Bruce), alleging that on March 9, 1972, plaintiff was injured by a bullet negligently fired by Bruce during the course of Bruce's employment at defendant's tavern.

Defendant's answer denied that Bruce was acting in the course of his employment at her tavern, that plaintiff was exercising due care or suffered injuries as he alleged.

Defendant filed a motion for summary judgment. Attached was Laura McKissack's sworn statement stating that, although Bruce was a part-time bartender, he was not on duty on Thursday, March 9, 1972, because it was his day off. After two continuances were granted to plaintiff to take Bruce's deposition and to reply to defendant's motion, the circuit court granted summary judgment for defendant McKissack and Murrell d/b/a B & M Tavern and continued the cause as to Bruce. The court's order further recited that there was no just reason to delay enforcement or appeal.

Plaintiff's motion to vacate the summary judgment and petition for a rehearing of the denial of the motion to vacate were both denied. Plaintiff appeals, arguing that Laura McKissack's statement to a court reporter was improperly considered in support of defendant's motion for summary judgment because it was not signed by her or sworn to by the court reporter and that being unsworn and unsigned it fails to negative the existence of a genuine issue of material fact. He also argues that the documents supporting his motion to vacate and reconsider raised genuine issues of material fact.

■■  In support of his contention that defendant's motion was improperly granted because unsupported by a proper affidavit, plaintiff argues that Laura McKissack's statement cannot be a proper affidavit unless she signed it, citing *Theobald v. Chicago, Milwaukee & St. Paul Ry. Co.* (1898), 75 Ill. App. 208, and 1 Ill. L. & Prac. *Affidavits* §7 (1953). Plaintiff misapprehends the holding of *Theobald.* The court there stated that an affidavit must be signed by the deponent or his name must appear therein as the person who took the oath in order to constitute a formal affidavit. (*Theobald,* at 213; see *Lieder v. Chicago Transit Authority* (1960), 26 Ill. App. 2d 306, 167 N.E.2d 710 (abstract).) Defendant's statement recites that "Mrs. Laura Bee McKissack, after having been first dully [*sic*] sworn, testified as follows." Clearly it meets the requirement that her name appear as the person who took the oath. Her statement was an affidavit.

Plaintiff also contends that the signature of the court reporter is not a substitute for Laura McKissack's signature. This argument is without merit because her signature need not appear in the affidavit.

Plaintiff's sole theory for holding defendant liable is that Bruce was in the employ of defendant and shot plaintiff in the course of his employment. Defendant's answer denied that allegation and the affidavit in support of the motion for summary judgment stated that on March 9, 1972, Bruce was not working for her in her tavern.

■■■ Summary judgment should be granted if the pleadings, together with the affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57; *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 586, 272 N.E.2d 497.) Here, the affidavit in support stated that Bruce did not work for defendant on the date of the occurrence. This affidavit was not contradicted by counteraffidavit. In the absence of contradiction by counteraffidavit, the trial court was required to consider all well-alleged facts in the affidavit as true for the purposes of the motion. (*Heidelberger v. Jewel Companies, Inc.* (1974), 57 Ill. 2d 87, 92-93, 312 N.E.2d 601.) Based on the pleadings and affidavits before it (and we note that plaintiff filed no response of any kind to defendant's motion), the trial court correctly entered summary judgment for defendant. Plaintiff contends, however, that the documents he submitted in support of his motion to vacate are of equal evidentiary value to defendant's affidavit and indicate the existence of a genuine issue of material fact. Plaintiff's affidavit, which was attached to the motion to vacate, states that immediately after the shooting a policeman told plaintiff Bruce shot him. That statement does not create a genuine issue of material fact because it does not touch the question of whether Bruce worked for defendant on March 9, 1972; it goes only to the issue of the cause of plaintiff's injury.

■■ Plaintiff also stated in his affidavit that he heard a police officer testify in court that Bruce was working in the tavern at the time of the occurrence. The affidavit is not sufficient under Supreme Court Rule 191(a), which requires an affidavit in opposition to a motion for summary judgment to be made on the personal knowledge of the affiant, to set forth with particularity the facts upon which the defense is based and to show affirmatively that the affiant, if sworn as a witness, can testify competently thereto. (Ill. Rev. Stat. 1975, ch. 110A, par. 191(a).) A counteraffidavit must recite material facts to which affiant could testify if called at trial. (*Schultz v. American National Bank & Trust Co.* (1976), 40 Ill. App. 3d 800, 804, 352 N.E.2d 310.) Plaintiff would not be competent to testify on his personal knowledge to the truth of the hearsay statement of the police officer.

■■ Plaintiff also contends that an unsworn statement of Bruce and an

unverified police report which indicated that Bruce worked at the tavern on the night of the occurrence were also of equal evidentiary value to defendant's affidavit. Neither statement is an affidavit because neither shows that the person who made it was under oath. (*Theobald v. Chicago, Milwaukee & St. Paul Ry. Co.* (1898), 75 Ill. App. 208, 213; see *Lieder v. Chicago Transit Authority* (1960), 26 Ill. App. 2d 306, 167 N.E.2d 710 (abstract).) They are not of equal evidentiary value to defendant's affidavit. The circuit court correctly concluded that no genuine issue as to any material fact existed. The court properly entered summary judgment for Laura McKissack and William Murrell d/b/a B & M Tavern and properly denied both plaintiff's motion to vacate and his petition for a rehearing.

Judgment and orders affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.