EDMUND J. BIELARCZYK, Plaintiff-Appellant, *v.* HAPPY PRESS LOUNGE, INC., *et al.*, Defendants.—(CASIMIR R. STARSIAK, Defendant-Appellee.)

First District (5th Division)    No. 79-2329

Opinion filed December 5, 1980.

Brian C. Donegan, of Chicago (Burton R. Lindner, of counsel), for appellant.

Jerome H. Torshen, Ltd., and Garretson & Santora, both of Chicago (Jerome H. Torshen and Abigail K. Spreyer, of counsel), for appellee Casimir Starsiak.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal, plaintiff contends that summary judgment in favor of defendant Starsiak was improperly granted because an issue of fact existed and because Starsiak's supporting affidavit was insufficient.

It appears that Starsiak (through an agent) leased a building for use as a tavern to defendant Taki Pappas, who apparently formed a corporation (defendant Happy Press Lounge, Inc.) to conduct the business.

Plaintiff's third amended complaint alleged in pertinent part that he was a business invitee in the tavern when he was injured in a fall down an interior stairway leading to the basement; that Starsiak "owned, operated and maintained" the premises; that Happy Press and Pappas "rented, maintained and controlled" the premises; and that defendants were negligent in failing (1) to provide adequate lighting in the stairway area; (2) to warn the plaintiff of the existence of a stairway; and (3) to provide a door or other device to keep people from falling down a dark stairway. Starsiak's answer essentially denied the allegations applying to him.

Thereafter, Starsiak moved for summary judgment, asserting in substance that the premises had been demised to Pappas and that he (Starsiak) did not control and had no right to their control. In a supporting affidavit, Starsiak stated in pertinent part that neither he nor anyone on his behalf controlled the premises, as they were in the complete and exclusive control of Pappas, and that neither he nor anyone on his behalf made any alterations or repairs to the premises. Happy Press and Pappas, in their answers, asserted that Starsiak "was the owner of said premises, operating through his agent, Casey Management Companies, and had control of the maintenance of the entire premises * * *." Pappas filed the only supporting affidavit, stating in pertinent part that on the day of the alleged occurrence defendant had control of the premises. In his answer, plaintiff stated in substance that a question of fact regarding Starsiak's right to control existed because the lease allowed him access to the premises "for the purpose of making repairs or alterations which the Lessor may see fit to make."

After arguments of counsel, the motion for summary judgment was granted, and this appeal followed.

OPINION

It has been often stated that the use of summary judgment is to be encouraged in a proper case (*Tatelman v. Tatelman* (1975), 25 Ill. App. 3d 678, 323 N.E.2d 821; *Green v. McClelland* (1973), 10 Ill. App. 3d 350, 293 N.E.2d 629) and should be entered where there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law

(*American Buyers Club, Inc. v. Zuber* (1978), 57 Ill. App. 3d 899, 373 N.E.2d 786; *Freeman v. Augustine's, Inc.* (1977), 46 Ill. App. 3d 230, 360 N.E.2d 1245) but that it is a drastic means of disposing of litigation (*Equilease Corp. v. Cattlemen's Freezer Meats, Inc.* (1973), 13 Ill. App. 3d 1, 299 N.E.2d 419; *Green v. McClelland*) which should be granted only when the right of the movant thereto is clear and free from doubt (*Marshall v. City of Chicago Heights* (1978), 59 Ill. App. 3d 986, 376 N.E.2d 657; *United Security Insurance Co. v. Mason* (1978), 59 Ill. App. 3d 982, 376 N.E.2d 653).

■■ Plaintiff's primary contention is that summary judgment should not have been granted because a factual issue existed as to defendant's control of the premises. "It is well settled in this State that a landlord is not liable for injuries occurring on premises leased to a tenant and under the tenant's control unless a latent defect existed at the time of the leasing which defect is known or should have been known to the landlord in the exercise of reasonable care and which could not have been discovered upon a reasonable examination of the premises by the tenant; or the landlord fraudulently concealed from the tenant a known, dangerous condition; or the defect causing the harm, amounted to a nuisance; or the landlord made an enforceable promise to repair the premises." (*Cuthbert v. Stempin* (1979), 78 Ill. App. 3d 562, 568, 396 N.E.2d 1197, 1202.) However, a landlord could be liable to a tenant and the tenant's invitees or licensees for physical harm caused by a dangerous condition upon a portion of the premises retained in the landlord's control. *Magnotti v. Hughes* (1978), 57 Ill. App. 3d 1000, 373 N.E.2d 801; *Finesilver v. Caporusso* (1971), 1 Ill. App. 3d 450, 274 N.E.2d 905; Restatement (Second) of Torts §361 (1965).

Plaintiff does not take the position that a latent defect existed at the time of the leasing or that there was fraudulent concealment of a known dangerous condition or that the alleged defect causing the harm amounted to a nuisance, or that the landlord made an enforceable promise to repair the premises; but, rather, he seeks reversal solely on the contention that an issue of fact existed as to defendant's control of the premises and, in support thereof, he argues only that such issue exists because "the lease on the premises in question grants the Lessor, (Starsiak) the right to enter the premises for the purpose of making repairs to the property." We disagree.

In *Carson v. Weston Hotel Corp.* (1953), 351 Ill. App. 523, 115 N.E.2d 800, a hotel guest was injured when the hoisting cables of an elevator in which he was riding broke, causing the elevator to fall. In determining whether the lessor had a duty to repair the elevator drum because of a reservation in the lease of a right to repair if the lessee did not fulfill its obligation to do so, the court stated:

"We are satisfied from a study of the lease that [tenant] had the primary obligation to keep and maintain the elevator in a safe and good condition of order and repair. The reservation of the right to repair if [tenant] did not fulfill its duty to repair and of the right to inspect in order to determine whether the duty was performed did not oblige [landlord] to repair the elevator drum. [Citation.] Neither did the fact that [landlord] made inspections and repairs (which he was under no obligation to make), on the smokestack, sidewalks and water tanks. [Citation.] The reservation in the lease gave [landlord] no control over the elevators, * * *. We conclude that the lease imposed no obligation on [landlord] to repair. This is clear from the lease. There is no question of fact for the jury on the element of an agreement by the landlord to repair." 351 Ill. App. 523, 531, 115 N.E.2d 800, 804; accord, *Hurt v. Pershing Mobile Home Sales, Inc.* (1980), 83 Ill. App. 3d 724, 404 N.E.2d 842.

■■ As in *Carson*, under the repairs and maintenance covenant of the lease here, lessee had the primary responsibility to keep the premises "in a clean, sightly and healthy condition, and in good repair." That this covenant imposed no duty on Starsiak to make repairs is clearly indicated by the pertinent language of the clause reserving to lessor the right to repair when the tenant fails to do so; namely:

"If, however, the Premises shall not thus be kept in good repairs and in a clean, sightly and healthy condition by Lessee, as aforesaid, Lessor *may enter* the same, himself or by his agents, servants or employees, without such entering causing or constituting a termination of this lease or an interference with the possession of the Premises by Lessee, and Lessor *may replace* the same in the same condition or repair, sightliness, healthiness and cleanliness as existed at the date of execution hereof, and Lessee agrees to pay Lessor, in addition to the rent hereby reserved, the expenses of Lessor in thus replacing the Premises in that condition." (Emphasis added.)

We consider the reasoning of *Carson* to be applicable, and we find that the reservation in the lease does not give Starsiak control over the premises or obligate him to make repairs.

Plaintiff also maintains that an issue of fact as to control appears in the conflicting affidavits of Starsiak and Pappas. We disagree. Specifically, he points to the statement in Starsiak's affidavit that "neither I nor anyone in my behalf controlled said premises, as they were in the exclusive and complete control of the tenant, TAKI PAPPAS" which he maintains is contradicted by the statement in Pappas' affidavit that Starsiak "had control of the maintenance of the entire premises including the repair and alteration of said premises." He argues that "these conflicting affidavits

create a dispute as to a material fact, *i.e.*, who had control, or the right of control, the repair, maintenance and alteration of the premises."

We note, however, that in determining the absence or existence of a genuine issue of fact, the trial court should only consider evidentiary facts and not mere conclusions of law. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Murphy v. Ambassador East* (1977), 54 Ill. App. 3d 980, 370 N.E.2d 124.) Here, because the statement in Pappas' affidavit is a conclusion of law unsupported by any factual matter, it should not have been considered by the trial court. (See *Cuthbert v. Stempin.*) To the contrary, the pleadings of the parties and the lease itself support the statement in Starsiak's affidavit that the premises had been rented to Taki Pappas, and the lease is also supportive of the statement that the premises were in the exclusive and complete control of Taki Pappas. Plaintiff has referred to only two provisions in the lease to negate exclusive control on the part of Pappas; namely, that the lease gave the lessor free access "to make any repairs or alterations thereof which lessors may see fit to make" and to enter the premises to "replace the same in the same condition of repair, sightliness, healthiness and cleanliness as existed at the date of execution thereof, * * *." We have found above that based upon the reasoning of *Carson v. Weston Hotel Corp.*, these provisions did not give Starsiak control over the premises or obligate him to make any repairs.

Plaintiff's final contention is that Starsiak's affidavit is insufficient as a matter of law to support summary judgment. Initially, we note that the sufficiency of the affidavit was not tested in the trial court by any motion to strike or otherwise and is not to be considered when raised for the first time on appeal. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; *Santschi v. Gorter* (1978), 63 Ill. App. 3d 394, 379 N.E.2d 1383.) In any event, we believe that the affidavit was sufficient. It states in pertinent part:

> "My name is CASIMIR R. STARSIAK, and I am Sui Juris and do state the following facts are true and correct to the best of my knowledge and belief * * *. [T]his affidavit is made under oath for the purposes of Summary Judgment."

In *Manuel v. McKissack* (1978), 60 Ill. App. 3d 654, 377 N.E.2d 219, it was contended that a statement to a court reporter by Laura McKissack filed in support of a motion for summary judgment was improperly considered, because it was not signed by her. The court said:

> "[A]n affidavit must be signed by the deponent or his name must appear therein as the person who took the oath in order to constitute a formal affidavit. [Citations.] Defendant's statement recites that 'Mrs. Laura Bee McKissack, after having been first

dully [*sic*] sworn, testified as follows.' Clearly it meets the requirement that her name appear as the person who took the oath. Her statement was an affidavit.

Plaintiff also contends that the signature of the court reporter is not a substitute for Laura McKissack's signature. This argument is without merit because her signature need not appear in the affidavit." (60 Ill. App. 3d 654, 655-56, 377 N.E.2d 219, 220.)

Here, Starsiak's name appears in the affidavit as the person who made the sworn statement, and he in fact signed it. It is clearly sufficient.

For the foregoing reasons, summary judgment is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.