CURTIS SMITH, Plaintiff-Appellant, *v.* DELBERT RENGEL,
Defendant-Appellee.

Fourth District    No. 16826

Opinion filed June 16, 1981.

Michael N. Cullinan, of Allen, Clark & Cullinan, Ltd., of Peoria, for appellant.

Joseph E. Winne, of Nicol, Newell, Prusak & Winne, of Peoria, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This is an action in negligence for personal injuries in which the circuit court of McLean County allowed a motion for summary judgment in favor of the defendant and against the plaintiff. We reverse.

Defendant is a landowner of an apartment house containing three apartments. One of these was rented to Lynn Gose. Plaintiff had been

paying court to Ms. Gose prior to the time of the injury which is the subject of this lawsuit. On December 31, 1977, at the request of Ms. Gose, plaintiff arrived at her apartment for the purpose of removing a refrigerator which had been left there by a prior occupant. The removal had been requested by defendant's wife, a co-owner of the building.

The apartment house is located four feet from a public sidewalk and is connected to it by a private walkway. Between the public sidewalk and the street there is a parkway, or boulevard, 14 feet in width, which is owned by the city of Bloomington. It is traversed by a walkway, whose location and dimensions give it the appearance of being an extension of the walkway from the public sidewalk to the apartment house. However, it is located entirely upon city property.

On the day in question plaintiff had backed his pickup truck partially onto the boulevard with its rear toward the apartment house in order to facilitate the removal of the refrigerator. As he and two others were carrying the refrigerator across the boulevard to the pickup truck, plaintiff stepped off the walk and into a hole which was adjacent to the walk and within the confines of the boulevard. This caused the refrigerator to slip and fall upon him with the resultant alleged injuries. There was also evidence that on that day both the boulevard and the walk traversing it were covered with snow, making the hole difficult to see.

All of the foregoing factual matters are gleaned from the affidavits and depositions presented in support of the motion for summary judgment.

In its order allowing the motion for summary judgment in favor of defendant, the trial court found that the defendant owed no duty to the plaintiff and that there was no genuine issue of material fact showing that defendant had violated any duty.

■■ Summary judgment is proper when the issue is determinable solely as a matter of law. *Serowski v. Klapper* (1978), 65 Ill. App. 3d 238, 382 N.E.2d 499.

■■ The existence of a duty is a matter of law to be determined by the court. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.) As tersely stated by Professor Prosser, "This is entirely a question of law, to be determined by reference to the body of statutes, rules, principles and precedents which make up the law; and it must be determined only by the court." Prosser, Torts §37, at 206 (4th ed. 1971).

The central inquiry in this case is whether a landlord owes any duty of care to an invitee or social guest of his tenant who is injured in an area adjacent to, but not upon, the landlord's premises. Before proceeding to that inquiry, it is first necessary to discuss briefly the status of the plaintiff.

■■ It has long been held that where a landlord reserves a portion of his premises for common use with his tenants, he is under a duty to use

ordinary care to keep that portion in a reasonably safe condition. (*Loveless v. Warner* (1962), 37 Ill. App. 2d 204, 185 N.E.2d 392.) The same duty extends to invitees of the tenants (*Shiroma v. Itano* (1956), 10 Ill. App. 2d 428, 135 N.E.2d 123) and to the social guests of the tenants (*Fugate v. Sears, Roebuck & Co.* (1973), 12 Ill. App. 3d 656, 299 N.E.2d 108). Thus, whether plaintiff was an invitee of Ms. Gose, or her social guest, defendant owed him the same duty as to her.

The duty owed by the landlord has been extended beyond the naked and precise property lines to include means of ingress and egress. (*Cooley v. Makse* (1964), 46 Ill. App. 2d 25, 196 N.E.2d 396.) *Cooley* involved a sidewalk which was two or three feet from the defendant's tavern and apparently was the only means of ingress and egress. The duty was extended beyond such a defined means of ingress and egress in *McDonald v. Frontier Lanes, Inc.* (1971), 1 Ill. App. 3d 345, 272 N.E.2d 369. In *McDonald*, the landowner used a parkway between a public sidewalk and the street as a means of ingress and egress to his building. The appellate court held that he owed a duty of reasonable care to those using the parkway where he had assumed the use of it for his own purposes. In that case the plaintiff was injured when she stepped in a hole in the parkway which had been left by a construction crew. We find *McDonald* closely analogous to the instant case.

■■ There was evidence in the record that defendant's wife and son had mowed the grass in the boulevard, had shoveled snow from it, and had filled with dirt any holes found in it. Such evidence of control is sufficient to raise a duty in law on the adjacent landowner to use ordinary care to maintain the boulevard in a reasonably safe condition for his tenants and their invitees and social guests.

We therefore hold that the trial court was in error in finding that the defendant owed no duty to the plaintiff.

The second element in the trial court's findings was that there was no genuine issue of material fact concerning any violation of duty. We disagree. "[I]f the facts admit of more than one conclusion or inference, including one unfavorable to the moving party, the motion for summary judgment should be denied. [Citation.]" *Presto Manufacturing Co. v. Formetal Engineering Co.* (1977), 46 Ill. App. 3d 7, 10, 360 N.E.2d 510, 511.

It appears admitted that the hole into which plaintiff stepped was created by the removal of a bush, but there were at least two versions in defendant's own evidence as to how the removal was accomplished: (1) Defendant says that he removed it, but only the branches, not the roots; (2) defendant's wife says that a prior tenant removed the branches. There was also conflict in the evidence concerning filling the hole. Defendant's wife claimed she had filled it twice during 1977, using two gallons of dirt

each time. Ms. Gose denied that the hole had ever been filled. All of these questions go to the breach of defendant's duty and cannot be decided as a matter of law.

The order of the circuit court of McLean County allowing summary judgment in favor of the defendant and against the plaintiff is reversed and the cause is remanded to that court for further proceedings in accordance with the views expressed herein.

Reversed and remanded.

YONTZ and GREEN, JJ., concur.