EXTEL CORPORATION, Plaintiff and Counterdefendant-Appellant, v. CERMETEK MICROELECTRONICS, INC., Defendant and Counterplaintiff-Appellee.

First District (3rd Division) No. 1—88—0725

Opinion filed May 17, 1989.

Michael J. Garvey, of Baker & McKenzie, of Chicago, for appellant.

John K. Kallman and Richard S. Davis, both of Rudnick & Wolfe, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Extel Corp., appeals from a partial summary judgment in favor of defendant, Cermetek Microelectronics, Inc., on a counterclaim filed by defendant in plaintiff's action against defendant for breach of warranty. Plaintiff argues that a genuine issue of material fact existed and, therefore, the trial court erred in granting defendant's motion for summary judgment.

Plaintiff is engaged in manufacturing and selling telecommunications equipment. Defendant is engaged in the manufacture and marketing of modems and modem components for use in computers, computer terminals, and other electronic equipment. In 1983 and 1984, plaintiff agreed to purchase 4,003 CH1760E modems from defendant, at a total purchase price of $840,000, for use in computer terminals to be sold to plaintiff's customers. The modems were delivered in 1984 and 1985 and incorporated into plaintiff's "ComWriter" terminals, which were sold to plaintiff's customers. After receiving a number of complaints from customers that the modems were unsatisfactory and after unsuccessful repair attempts, plaintiff brought this action alleging that defendant had breached an implied warranty that the modems were of merchantable quality.

Defendant answered denying that its modems were not of a merchantable quality. In addition, defendant filed a counterclaim alleging that in 1986 it shipped 1,500 CH1812 modem components to plaintiff for which plaintiff had failed to pay. Defendant's counterclaim sought to recover the purchase price of the modem components plus, as provided for in the shipment invoice, interest at 18% per annum.

Subsequently, defendant filed a motion for summary judgment on its counterclaim. In its motion, defendant pointed out that in plaintiff's answer to defendant's counterclaim and in plaintiff's responses to defendant's interrogatories, plaintiff did not deny that it owed defendant's $22,940 for the modem components but stated that it was withholding payment as an offset against damages incurred as a result of the modem purchases. Defendant argued that plaintiff's claim of breach of warranty in connection with the modems and defendant's counterclaim for payment for the modem components arose from two different contracts and, therefore, plaintiff could not withhold payment for the modem components as an offset for damages allegedly suffered in connection with the sale of the modems.

In its response to defendant's motion, plaintiff argued that a genuine issue of material fact existed as to whether the purchase of the modems and the purchase of the modem components were related. In support of its argument, plaintiff filed the affidavit of David Wonak, plaintiff's vice-president of engineering. Wonak's affidavit stated that he "understood *** that Cermetek would resolve problems with modems and modem components on an overall basis."

Defendant filed a counteraffidavit in which its chairman, Howard Raphael, stated that defendant never agreed that plaintiff could withhold payment for the modem components because of its dissatisfaction with the modems. Raphael also stated that plaintiff never suggested

or requested such a setoff.

Following a hearing, the trial court entered summary judgment on defendant's counterclaim and granted defendant's request for prejudgment interest. This appeal followed.

Plaintiff contends that the trial court's grant of summary judgment was improper because the statements in David Wonak's affidavit raised a genuine issue of material fact. We disagree.

■■ ■ A court will grant a motion for summary judgment when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.) The purpose of a summary judgment proceeding is to ascertain whether there is any genuine issue of material fact and to dispose of those cases where none exists. (*Loveland v. City of Lewistown* (1980), 84 Ill. App. 3d 190, 405 N.E.2d 453.) In order to defeat a motion for summary judgment, the opponent must show, through affidavits or other proper materials, that a material issue of evidentiary fact exists. (*Prince v. Wolf* (1981), 93 Ill. App. 3d 505, 417 N.E.2d 679; *Cohen v. Washington Manufacturing Co.* (1979), 80 Ill. App. 3d 1, 398 N.E.2d 202.) Under Supreme Court Rule 191(a), an affidavit in opposition to a motion for summary judgment must be based on the personal knowledge of the affiant, it must set forth with particularity the facts upon which the defense is based, and it must show affirmatively that the affiant can testify competently to the facts therein. (107 Ill. 2d R. 191(a); *Manuel v. McKissack* (1978), 60 Ill. App. 3d 654, 377 N.E.2d 219.) The affidavit must recite facts, not mere conclusions. (*Brewer v. Daubert Chemical Co.* (1979), 72 Ill. App. 3d 718, 391 N.E.2d 110.) An allegation that a genuine issue of fact exists, without presentation of supporting documentation, does not create a genuine issue of material fact. *Go-Tane Service Stations, Inc. v. Sharp* (1979), 78 Ill. App. 3d 785, 397 N.E.2d 249; *Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co.* (1979), 70 Ill. App. 3d 296, 388 N.E.2d 253.

In *Go-Tane Service Stations, Inc. v. Sharp*, an affidavit filed in opposition to a motion for summary judgment stated that the affiant had been in the banking business for 25 years and that, after examining certain checks, he had concluded that they had not been returned before the midnight deadline. The appellate court found that this affidavit was insufficient under Supreme Court Rule 191(a) since it merely asserted an opinion and failed to state the specific facts which formed the basis of the affiant's conclusions.

In *Cohen v. Washington Manufacturing Co.*, this court upheld the

trial court's grant of summary judgment for defendant where the only evidence in opposition to the motion was a statement in plaintiff's deposition that he "understood" that he was to receive a commission from defendant. This court pointed out that plaintiff had failed to file an affidavit showing that defendant had agreed to such an arrangement or setting forth the facts of the agreement. The court stated that it appeared that the alleged agreement was based solely on plaintiff's assumptions and that because there was nothing in the record to support the existence of an agreement, summary judgment was proper.

■ It appears that in the present case, as in *Cohen*, the alleged agreement was based solely on plaintiff's assumptions. The affidavit filed in opposition to defendant's motion for summary judgment merely stated that the affiant "understood" that defendant would resolve problems with the modems and modem components on an overall basis. There was no claim that defendant had agreed that payment for the modem components could be used to offset damages incurred as a result of the modem purchases, and no facts were presented setting forth the basis of the alleged agreement between plaintiff and defendant. Because plaintiff's affidavit failed to state the specific facts which formed the basis for plaintiff's assumption that an offset agreement existed, the affidavit was insufficient to raise a genuine issue of material fact.

Plaintiff also argues that the trial court erred in granting defendant's request for prejudgment interest. Under the terms of the invoices that accompanied the modem components delivered to plaintiff, accounts not paid in full within 30 days were subject to an 18% per annum finance charge. Plaintiff contends that defendant's invoices were unilateral documents and that, because there was no agreement between the parties as to interest, the trial court's award of interest was improper. This argument is without merit.

■ Under section 2—207 of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 2—207), an additional term in an acceptance or written confirmation will become part of a contract between merchants unless the offer expressly limits acceptance to the terms of the offer; the additional terms materially alter the contract; or an objection to the terms is made within a reasonable time.

■ In the present case, there was no showing that acceptance was limited to the terms of the offer or that plaintiff objected to the interest provision within a reasonable time. Further, a clause providing for interest on overdue invoices does not constitute a material alteration of a contract. (Ill. Ann. Stat., ch. 26, par. 2—207, Uniform

Commercial Code Comment, at 153 (Smith-Hurd 1963).) Accordingly, the terms in defendant's invoices became a part of the parties' contract and the trial court award of prejudgment interest was proper.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA* and RIZZI, JJ., concur.

*Justice McNamara participated in this opinion prior to his assignment to the sixth division.