DIANE CHEVRIE, Plaintiff-Appellant, v. FRANK GRUESEN, Defendant-Appellee.

Second District   No. 2—90—0270

Opinion filed February 13, 1991.

882

Ken Klimczak, of Michael R. Panter & Associates, and Michael D. Richman, both of Chicago, for appellant.

James F. Best and Sarah E. Chapin, both of Fraterrigo, Best & Beranek, of Chicago, for appellee.

JUSTICE NICKELS delivered the opinion of the court:
Plaintiff, Diane Chevrie, appeals from an order of the trial court granting defendant's, Frank Gruesen's, motion for summary judgment. We reverse and remand for trial on the merits.

Plaintiff brought suit against defendant seeking damages for personal injuries she sustained as a result of the collision of her car with several vehicles, including ultimately that of defendant. At the time of the initial collision, plaintiff was traveling east in the curb lane of

Butterfield Road in Lombard, Illinois. Butterfield Road is a six-lane highway with three lanes of traffic each going east and west and further divided by a very wide, eight-inch-high median strip. Plaintiff's car was struck on the rear passenger side by a car exiting a driveway on the south side of Butterfield Road. The driver of that car is not a party to this action. The impact caused plaintiff's car to spin across the three eastbound lanes of traffic, continue over the median, and enter the westbound lanes. At the time plaintiff's car entered the westbound lanes it was moving north, perpendicular to traffic, and backwards.

Upon entering the westbound lanes, plaintiff's car struck the driver's side rear of Jeanette Konkol's (n/k/a Lambrigger) car traveling in the median lane, although Lambrigger had accelerated and swerved to avoid plaintiff's car. The impact did not stop plaintiff's car but did cause it to veer slightly east as it continued across the westbound lanes. A car driven by Nancy Larson, immediately behind Lambrigger's car in the westbound median lane, successfully braked and avoided impact with plaintiff's car. Defendant was also traveling westbound, behind Lambrigger's and Larson's cars. Although conflicting testimony placed defendant's car in either the curb, middle, or median lane, he collided with plaintiff's car in the middle westbound lane, with the left front of defendant's car impacting the driver's side door of plaintiff's car.

Plaintiff alleged that defendant negligently failed to keep a proper lookout and was traveling too fast for conditions. Defendant asserted that the collision between his car and that of plaintiff was unavoidable and, therefore, that his conduct was not the proximate cause of the collision.

■■■ A motion for summary judgment should only be granted if the pleadings, depositions, admissions and affidavits demonstrate that there exists no issue as to any material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) Summary judgment is a drastic means of disposing of litigation and should be granted only if the right of the movant to judgment is clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240; *Turner v. Roesner* (1990), 193 Ill. App. 3d 482, 487.) In determining if a question of material fact exists, a court must view the evidence in the light most favorable to the nonmovant and against the moving party. (*Turner*, 193 Ill. App. 3d at 487; *Santschi v. Gorter* (1978), 63 Ill. App. 3d 394, 396; *Dakovitz v. Arrow Road Construction Co.* (1975), 26 Ill. App. 3d 56.) Only evidentiary facts and not mere conclusions of law should be considered. (*Rutter v. Gemmer*

(1987), 153 Ill. App. 3d 586, 591; *Bielarczyk v. Happy Press Lounge, Inc.* (1980), 91 Ill. App. 3d 577, 581.) If the facts are not in dispute, inferences may be drawn from undisputed facts to determine if the movant is entitled to judgment as a matter of law (*Turner*, 193 Ill. App. 3d at 487; *Estate of Dompke v. Dompke* (1989), 186 Ill. App. 3d 930, 933), and if fair-minded persons could draw different inferences from those facts then a triable issue exists (*Santschi*, 63 Ill. App. 3d at 396; *Ruby v. Wayman* (1968), 99 Ill. App. 2d 146).

Although not well articulated by either plaintiff or defendant, two issues are before us on appeal: first, whether the facts presented on defendant's motion for summary judgment and plaintiff's response thereto raised a material question of fact as to defendant's breach of his duty to maintain a proper lookout and observe a speed appropriate for conditions and, second, assuming defendant's breach of duty, did the facts further raise a question of proximate causation?

■ The driver of a vehicle has the duty to maintain a proper lookout for other cars traveling on the road. (*Grass v. Hill* (1981), 94 Ill. App. 3d 709, 714-15.) This duty applies even though the other car is traveling on the wrong side of the road. (*E.g., Turner v. Roesner* (1990), 193 Ill. App. 3d 482, 488.) So, too, a driver has the duty to reduce the speed of his vehicle to avoid collisions. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—601(a); *Toney v. Mazariegos* (1988), 166 Ill. App. 3d 399, 403.) Both the question of a proper lookout and of speed appropriate to conditions are generally questions for the jury to decide. *Toney*, 166 Ill. App. 3d at 403.

Two cases have considered the question of evidence of improper lookout that is sufficient to create a factual question requiring the jury's determination. In *Santschi* (63 Ill. App. 3d 394), on a two-lane road without a median, the plaintiff swerved into the defendant's lane to avoid a car in the plaintiff's lane. The defendant's deposition testimony was that he only saw the collision at the last moment as he saw himself being struck and that he did not see the automobile blocking the plaintiff's lane until after the occurrence. (*Santschi*, 63 Ill. App. 3d at 396.) Thus, the uncontroverted facts created a genuine issue of material fact, and summary judgment was inappropriate. *Santschi*, 63 Ill. App. 3d at 397.

On the defendant's motion for a new trial in *Sitowski v. Buck Brothers, Inc.* (1986), 147 Ill. App. 3d 282, again on a two-lane undivided highway, the defendant struck the plaintiff's car when it was struck from behind by another car while stopped to make a left turn across the defendant's lane and was thereby pushed into the lane in front of the defendant's truck. The defendant's testimony was that,

although he had seen both cars approaching him, the defendant did not see the plaintiff's car stop nor see the impact between the plaintiff's car and the car that pushed the plaintiff's car into his lane. The defendant "did not see why" the plaintiff had crossed over into his lane. (*Sitowski*, 147 Ill. App. 3d at 284.) Once again, the evidence presented a substantial factual dispute for the trier of fact. *Sitowski*, 147 Ill. App. 3d at 288.

In this instance, plaintiff crossed at least four lanes and a wide, raised median before coming into defendant's path in contrast to the much narrower roadways in either *Sitowski* or *Santschi*. Thus, the opportunity for defendant to have seen plaintiff's car was far greater. That inference is further supported by the fact that, prior to the point of impact with defendant's car, plaintiff's car was observed by Larson, who avoided impact with plaintiff's car completely, and by Lambrigger, who escaped with only a minor collision. Defendant admitted that he did not see plaintiff's car until it impacted with his car. At that time, he saw only a gray object in the left-hand side of his windshield, which he did not identify as a car until after the collision. Thus, from defendant's own testimony, construed in favor of plaintiff and against defendant as it must on this motion for summary judgment, the uncontroverted facts raise a material question of defendant's failure to maintain a proper lookout.

Plaintiff further asserted that defendant was driving too fast for conditions, with the conditions requiring speed below the posted speed limit being the presence of plaintiff's car in the westbound lanes and preceding collisions between plaintiff's car and those of the initial driver and that of Lambrigger. Again, defendant's own deposition testimony was that he had not slowed his car in any way because he did not see plaintiff's car moving perpendicular across the westbound lanes of traffic. And again, a material question was presented as to whether defendant was driving too fast for conditions.

Turning to the second issue, defendant asserted the collision was unavoidable and, therefore, there was no issue of proximate cause. A defendant's failure to maintain a proper lookout or to observe a speed appropriate to conditions, or any other acts or omissions on his part, do not render that defendant negligent if those acts or omissions are not the proximate cause of a plaintiff's injuries. (*Turner*, 193 Ill. App. 3d at 490; *Rutter*, 153 Ill. App. 3d at 593.) Thus, an "unavoidable collision" is without proximate cause, and a defendant's acts or omissions in breach of a duty are not material. (*Turner*, 193 Ill. App. 3d at 490; *Rutter*, 153 Ill. App. 3d at 593.) "Unavoidable collisions" have most often occurred when a defendant

is confronted with a sudden swerve into defendant's right-of-way by an approaching vehicle. (*Walling v. Lingelbach* (1976), 65 Ill. 2d 244, 248; *Turner*, 193 Ill. App. 3d 488-89; *Rutter*, 153 Ill. App. 3d at 593-94; *Wilmere v. Stibolt* (1987), 152 Ill. App. 3d 642, 647.) In such cases, therefore, the defendant had insufficient time to react and take evasive action, or the evasive action taken was ineffective because of the quickness with which the collision occurred.

In *Turner*, on a two-lane highway, the defendant had only two seconds and 120 feet in which to take measures to avoid the collision after observing the car in which the plaintiff's decedent was a passenger cross into the defendant's right-of-way. The defendant further testified that he had removed his foot from the accelerator in that time frame, but did not remember if he had yet applied the brakes. (*Turner*, 193 Ill. App. 3d at 488-89.) Similarly, in *Wilmere*, the plaintiff decedent's car crossed the double center line of a four-lane highway and struck three oncoming cars traveling in close proximity to each other in both oncoming lanes in a matter of seconds. (*Wilmere*, 152 Ill. App. 3d at 647.) Finally, in *Walling*, the defendant's car collided with another vehicle when the other driver crossed the center line into the defendant's right-of-way in a heavy fog. The defendant both braked and veered away in the 10 feet between the appearance of the other car in her lane and the impact. *Walling*, 65 Ill. 2d at 245-46.

In each of these cases, the collision was almost instantaneous with the action of the plaintiff in veering into the defendant's right-of-way. In contrast, in the present instance, plaintiff's car crossed four lanes of traffic and a median, and collided with two other cars before the impact with defendant's car. Two drivers with less time and distance to either observe plaintiff's car or react to plaintiff's sudden appearance in their right-of-way were able to take effective evasive measures. On these uncontroverted facts, there is a clear factual question of whether defendant could have avoided the collision with plaintiff's car if defendant had maintained a proper lookout and reduced his speed upon observing the unfolding accident scene. Thus, the "unavoidable collision" doctrine does not apply.

In reaching this conclusion, we have considered neither the affidavit of Judy Thomas, who was driving eastbound immediately behind plaintiff, nor the opinion of Lambrigger contained in her affidavit, both of which were submitted in support of plaintiff's opposition to defendant's motion for summary judgment. Rather, defendant's own admission that he did not see plaintiff's car before the accident and the fact of Lambrigger's and Larson's ability to observe and minimize

or avoid collision with plaintiff's car in far shorter time and space are sufficient to create material questions of fact as to both defendant's breach of duty and proximate cause. Thus, we do not reach plaintiff's argument that the trial court improperly struck plaintiff's documents in support of her opposition to defendant's motion for summary judgment.

The order of the trial court granting defendant's motion for summary judgment is reversed, and the cause is remanded for trial on the merits.

Reversed and remanded.

INGLIS and UNVERZAGT, JJ., concur.